162 So.2d 895

**Ex parte William Leon HORSLEY.**

**3 Div. 170.**

Court of Appeals of Alabama.

April 7, 1964.

162 So.2d 896

**Ex parte Luther C. RICKETTS.**

**8 Div. 952.**

Court of Appeals of Alabama.

April 7, 1964.

William Leon Horsley, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

■ This is an original petition for "certiorari," the prayer of which asks us to prod the Circuit Court of Montgomery County to send up the "evidence record" in a case whereunder, on July 10, 1963, Horsley was remanded to the Warden of Kilby Prison.

Since habeas corpus may be sought without fear of a plea of former adjudication, we see no reason to issue any writ. Under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Horsley is no longer bound to push his habeas corpus to the utter theoretical ends of the earth before he can enter the portals of the Federal courts.

■ The matters alleged—in purely conclusory terms, such as conviction on perjured testimony—are not grounds for habeas corpus. Code 1940, T. 15, § 28. The jurisdiction of this court in coram nobis exists only (a) if leave is sought to file in the circuit court to reopen a case appealed to us; or (b) if, in a case where we could have reviewed (e. g., twenty years', or less, imprisonment), an appeal is taken from the judgment of the circuit court which entertains a coram nobis application.

We cannot make out (a) any sworn allegations or (b) venue sufficient to speculate on coram nobis.

Denied.